IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| HOLLY DOUGLASS, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: 09CV00558 CCB |
| NTI-TSS, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DIMISS PLAINTIFF'S COMPLAINT

Defendant NTI-TSS, Inc. (hereinafter, "NTI"), by its attorneys, Barry C. Goldstein, Anthony J. Breschi and Waranch & Brown, LLC, hereby files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint, and states as follows:

### I. FACTS

Plaintiff Holly Douglass filed the instant Complaint against Defendant NTI on January 5, 2009 alleging multiple product liability claims, including negligence, willful and wanton misconduct, strict liability, and breach of express and implied warranties. A copy of Plaintiff's Complaint is attached hereto as **Exhibit A.**

NTI manufactures a mouth guard prescribed by dentists to their patients to address temporomandibular joint dysfunction ("TMJ") and bruxism (teeth grinding). See Exhibit A at ¶ 3. On or about April 23, 2003, Plaintiff's dentist, Dr. William De Long, D.D.S. ("De Long") prescribed the aforementioned mouth guard to Plaintiff. Id. at ¶ 9.

Plaintiff alleges that NTI failed to warn her and her dentist about the potential for developing an open anterior bite with extended use of the mouth guard. Id. at ¶ 10. Plaintiff contends she has suffered pain and discomfort related to an open anterior bite which developed after using the mouth guard. Id. at ¶¶ 15-18.

Plaintiff essentially concedes in her Complaint that she filed her case after the statute of limitations had expired. Id. at ¶¶ 56, 61. On or about February 25, 2004, Plaintiff started experiencing symptoms associated with an open anterior bite which she alleges was caused by NTI's mouth guard. Id. at ¶13. On December 31, 2004, Plaintiff discovered that NTI's website specifically warned that use of the mouth guard could cause patients to develop an open anterior bite; it further advised dentists to inform their patients of the potential changes to their bite and obtain consent accordingly. Id. at ¶19.

Plaintiff alleges that she, through her counsel, contacted NTI regarding warnings supplied to Dr. De Long with the mouth guard that was prescribed to her. Id. at ¶ 20. Plaintiff's Complaint is based entirely upon a March 3, 2006 letter that Plaintiff received on behalf of NTI in response to her assertion of a liability claim and a request for information. Id. at ¶ 21.

Plaintiff claims that she relied upon the information in NTI's letter regarding the warnings issued with the mouth guard such that she elected not to sue NTI within the statute of limitations. She now claims that the statements in the letter were false and that the statute of limitations should be tolled on her product liability claims because the false statements amount to fraud. Id. at ¶¶ 22, 23, Count V. Despite incorporating the letter by reference, Plaintiff did not attach the letter to her Complaint. Accordingly, a copy of the March 3, 2003 letter is attached here as **Exhibit B**.

As is obvious from the four corners of the March 3, 2006 letter, Plaintiff's Complaint is baseless. Moreover, Plaintiff has failed to plead her fraud and related misrepresentation claim with

sufficient particularity. As such, the Plaintiff's Complaint, including both the product liability claims and the fraud/misrepresentation claims must be dismissed. In addition, Plaintiff's claims for punitive relief are without basis and must be dismissed.

## II.   SUMMARY OF ARGUMENT

By her own admission, Plaintiff filed her Complaint after the statute of limitations on her product liability claims had expired. See Exhibit A at ¶¶ 56, 61. With her allegations of fraud, she attempts to toll the limitations period. However, in order to plead such claims for the purposes of tolling the statute, Maryland law requires that Plaintiff's fraud claim be pled with particularity. Here, Plaintiff's Complaint fails to establish the alleged fraud, how she was kept in ignorance of the fraud, and the reason for the delay in her discovery of the fraud.

The facts as alleged in Plaintiff's Complaint do not establish that Plaintiff exercised diligence in investigating either NTI's role in providing warnings to Dr. De Long or Dr. De Long's receipt of such warnings. Plaintiff was on notice of changes in her bite associated with use of the mouth guard as early as February 2004. Id. at ¶ 13. She waited until 2006, two years after she was aware of her injury, to contact NTI and then waited until the end of 2007 or early 2008 to address the issue with Dr. De Long. Id. at ¶ 21, 26. According to her Complaint, her investigation consisted of nothing more than speaking with the counsel of her potential adversaries, Dr. De Long and NTI. She fails to allege that she made any effort to obtain formal statements, documents or other evidence regarding the product warnings issued with the mouth guard.

Moreover, Plaintiff's incorporation of the March 3, 2006 letter purportedly making representations on behalf of NTI, does nothing to support her legal claims; on the contrary, the letter establishes that Plaintiff's fraud and misrepresentation claims are completely unfounded. The letter

3

on its face, clearly and unambiguously limits any representations made therein by advising Plaintiff to investigate her claims thoroughly.

Plaintiff, of her own accord, waited for nearly three years after her alleged injury arose to file suit against Plaintiff's dentist, and similarly failed to conduct a timely investigation of potential claims against Defendant NTI. For that reason, Plaintiff Complaint, in its entirety, must be dismissed.

### III.   STANDARD OF REVIEW

Defendant NTI moves for dismissal of this action pursuant to Rules 12 and 41 of the Federal Rules of Civil Procedure. Rule 12(b)(6) authorizes defendants to move for dismissal when asserting a plaintiff's failure to state a claim upon which relief can be granted. Fed.R.Civ.Pro. 12(b)(6). Rule 41(b) further authorizes a defendant to move for dismissal when a plaintiff fails to comply with any of the Federal Rules of Civil Procedure. Fed.R.Civ.Pro. 41.

A Motion to Dismiss under Rule 12(b)(6) tests the legal sufficiency of the Complaint. Chertkoff v. Mayor & City Council of Baltimore, 497 F. Supp. 1252, 1258 (D. Md. 1980); Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). For purposes of a Motion to Dismiss pursuant to Rule 12(b)(6), the Court is not required to accept as true, "unsupported legal conclusions, legal conclusions couched as factual allegations or conclusory factual allegations devoid of any reference to actual events" set forth in a plaintiff's complaint. Baltimore-Clark v. Kinko's, Inc., 270 F. Supp. 2d 695, 698 (D. Md. 2003) (citing Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989); Papason v. Allain, 478 U.S. 265, 286, (1986) and United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979). Rather, a complaint may be dismissed if it fails to allege facts sufficient to support a cognizable legal theory. Mates v. North American Vaccine, 53 F. Supp. 2d 814, 822 (D. Md. 1999).

## IV.  ARGUMENT

### A.  PLAINTIFF'S PRODUCT LIABILITY CLAIMS (COUNTS I-IV) ARE TIME-BARRED AND MUST BE DISMISSED.

Maryland law requires that a civil action be filed within three years from the date it accrues. See Md.Code Ann., Cts. & Jud. Proc. §5-101 (2008). Plaintiff's product liability claims are governed by this statute. Because Plaintiff's product liability claims were filed almost five years after Plaintiff learned of her injury related to the use of the mouth guard, the Court must dismiss Plaintiff's Complaint as to Counts I (negligence), II (willful and wanton misconduct), III (strict Liability), and IV (breaches of express and implied warranties).

#### 1.  Plaintiff's Product Liability Claims Are Barred By the Statute of Limitations.

Pursuant to Maryland's "discovery rule", a cause of action "accrues when the claimant in fact knew or reasonably should have known of the wrong." Poffenberger v. Risser, 290 Md. 631, 636, 431 A.2d 677 (Md.1981). The discovery rule requires that a plaintiff have notice of a claim to begin the running of the limitations time period under §5-101. The Maryland Court of Appeals has defined such notice as "express cognition, or awareness implied from knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry (thus, charging the individual) with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued." Poffenberger, 290 Md. at 637, 431 A.2d 677. Similarly, in a product liability action, the statue of limitations begins to run when the plaintiff "knows or . . . . should know of the injury, its probable cause, and either manufacturer wrongdoing or product defect." Pennwalt Corp. v. Nasios, 314 Md. 433, 452, 550 A.2d 1155 (1988). A plaintiff is charged with knowledge of a cause of action where an investigation pursued with reasonable diligence would have led to knowledge of the alleged tort. Id. at 452. See also Hartnett v. Schering Corp., 2 F.3d 90

(4th Circuit 1993) ("The requisite awareness that a plaintiff must have in a medical products liability case is actual or implied knowledge that: (1) injury has occurred; (2) it was caused by the defendant, and (3) there was a manufacturer wrongdoing or product defect.").

Plaintiff first became aware of her alleged injury on or about February 25, 2004 when she noted changes in her speech and eating habits. She also noted that her front teeth did not close as they had previously. See Exhibit A at ¶ 13. Shortly after this, she alleges that she was diagnosed with an open anterior bite and that she was aware that the open anterior bite was caused by use of NTI's mouth guard. Id. at ¶14. Applying the discovery rule to the facts as alleged in the Complaint, Plaintiff's statute of limitation began to run on or about February 25, 2004. By her own admission, she began her investigation into NTI by December 31, 2004, the latest point at which the statute of limitations began to run. Despite this, <u>she did not file suit against NTI until January 9, 2009, almost five years after her injury occurred and more than four years after initiating her investigation.</u> Accordingly, her product liability claims are time-barred and Counts I-IV must be dismissed.

    2.    **The Statute of Limitations Is Not Tolled By Plaintiff's Allegations of Fraud.**

In her Complaint, Plaintiff alleges that she relied upon representations in the March 3, 2006 letter from NTI regarding warnings supplied with the subject mouth guard. Essentially, Plaintiff attempts to toll the statute of limitations on her products liability claims pursuant to Md. Code Ann., Cts. & Jud. Proc. §5-203. However, Plaintiff has failed to plead her claim for fraud properly pursuant to § 5-203; the allegations of fraud do not toll the limitations period on her products liability claims.

Where knowledge of "a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or **by the exercise of ordinary diligence should have discovered the fraud**." Md.Code Ann., Cts. & Jud.

Proc. §5-203 (2008) (*Emphasis supplied*.). The statute of limitations is tolled under §5-203 only if plaintiffs can show:

> (1) that they were kept in ignorance by the fraud of an adverse party that they had a cause of action; (2) how, if fraud existed, they discovered it, (3) why they did not discover it sooner, (4) what diligence they exercised to discover it.

Sasso v. Koehler, 451 F. Supp. 933 (D. Md. 1978) citing Leonhart v. Atkinson, 265 Md. 219, 227, 289 A.2d 1, 6 (1972). To invoke § 5-203, the Plaintiff "must properly plead fraud **with particularity**....'General or conclusory allegations of fraud are insufficient. A plaintiff must allege **facts which indicate fraud or from which fraud is necessarily implied**.'" Doe v. Archdiocese of Washington, 114 Md.App. 169, 187, 689 A.2d 634 (1997) (*emphasis supplied*), citing Antigua Condominium Ass'n v. Melba Investors Atlantic, Inc., 307 Md. 700, 735, 517 A.2d 57 (1986).

A plaintiff who invokes § 5-203 to toll the limitations period must "show affirmatively that he was kept in ignorance of the his right of action by the fraud" and "must **specifically allege and prove when and how his knowledge of the fraud was obtained** so that the court will be enabled to determine whether he exercised reasonable diligence to ascertain the facts." See Finch v. Hughes Aircraft Co., 57 Md. App. 190, 241-42, 469 a.2d 867, cert. denied, 300 Md. 88 , 475 A 2d 1200 (1984), cert. denied, 469 US 1215, 105 S.Ct. 1190, 84 L.2d.2d 336 (1985) (*emphasis supplied*).

The failure to exercise due diligence in investigating a potential cause of action is fatal to the right to toll the statute of limitations. See Insurance Co. of North America v. Parr, 44 F2d 573 (4th Cir 1930). In Parr, a group of insurance agents complained that they were kept in ignorance of their cause of action because defendant did not notify them that a higher rate of commission had been established elsewhere. In holding that that the plaintiffs were not entitled to a tolling of the statute of limitations under Maryland law based on an earlier version of § 5-203, the court stated a party seeking to toll the statute of limitations must demonstrate that it was kept in ignorance of the cause

of action by the fraud and that the party has employed "usual and ordinary diligence in the discovery and protection" of its rights. Id. at 576. Further where "in the exercise of diligence, the fraud of the adverse party might have been discovered, the *failure* to exercise it is fatal" to the right to invoke the tolling statute. Id. (Emphasis supplied.)

In Sasso, supra, plaintiff-owners of a company sold in a renegotiation deal sued the defendant-attorney who structured the negotiation for wrongful conduct. The court held that the wrongful conduct claim was time-barred.

> The point of the due diligence requirement is, that even in the presence of fraud, **a party cannot abdicate all responsibility for protecting his rights**. Here it is clear that plaintiffs' failure to act soon is not attributable to the impossibility of doing so. . . .

See Sasso, 451 F.Supp. 933, 937 (emphasis supplied). The court reasoned that plaintiffs had been made aware that the defendant had mishandled the renegotiation by virtue of being copied on correspondence by the defendant which specifically expressed concerns to legal counsel regarding the deal; however the plaintiffs failed to conduct an investigation. Id. Thus, the Sasso Court found that the due diligence requirement was not met, and the expiration of the limitations could not be defeated by § 5-203.

Defendant NTI maintains that the representations made by its agents referenced in Plaintiff's Complaint were accurate. However, for the purposes of tolling the limitations period, whether or not there is fraud is not a determinative factor. "Under the specific language of the statute, it is obvious that the mere presence or absence of fraud is not necessarily determinative, rather, in the instant case, the controlling factor is whether or not the party has been kept in ignorance of his claim by the fraud." See Associated Realty Co. v. Kimmelman, 19 Md.App. 368, 311 A.2d 464 (1973).

In this case, Plaintiff's Complaint falls short of the requirements for pleading fraud pursuant to § 5-203. Further, her claim fails for failure to meet the standards of due diligence. This is clearly evidenced in the following timeline established by Plaintiff's Complaint:

| | |
|---|---|
| April 21, 2003: | Dr. De Long prescribed, sold and fitted plaintiff with mouth guard (9) (See Exhibit A at ¶ 9). |
| February 25, 2004 | Plaintiff reported to her dentist with symptoms consistent with an open anterior bite. (Id. at ¶ 13) |
| December 31, 2004 | Plaintiff viewed NTI's website warning of changes in bite with use of the mouth guard. (Id. at ¶ 19) |
| February 14, 2006 | Plaintiff contacted Defendant. (Id. at ¶ 20) |
| March 3, 2006 | Defendant informed Plaintiff of the company's practice to issue warnings about the potential for developing an open anterior bite and recommended that plaintiff's counsel investigate Dr. De Long's file to determine the appropriate entity against which to file her claim. (Id. at ¶ 21 and Exhibit B) |
| January 2007 | Plaintiff filed a claim against Dr. De Long in Health Claims Arbitration for injuries sustained by using the mouth guard. (See Exhibit A at ¶ 24) |
| October 2007 | Case against Dr. De Long is transferred from Health Claims Arbitration to Circuit Court for Howard County. (Id. at ¶ 25) |
| Late 2007/2008 | Dr. De Long's counsel advised that he had not received the warnings. (Id. at ¶ 26) |
| January 2009 | Plaintiff files suit against Defendant NTI. |

Interestingly, the Complaint makes no reference to obtaining discovery or taking the sworn testimony of anyone in Plaintiff's case against Dr. De Long. Plaintiff's investigations, both before and after filing suit against Dr. De Long, consisted of nothing more than relying upon representations made by counsel for NTI and Dr. De Long, two adversarial parties. She made no effort to obtain more formal or authoritative evidence regarding her potential claim against NTI.

9

The letter upon which Plaintiff bases her fraud claim provides no support for her allegations of fraud. The March 3, 2006 letter contains no specific representations regarding the warnings supplied to Dr. De Long for Plaintiff's mouth guard. Instead, the letter states that Plaintiff should investigate Dr. De Long's file.

Plaintiff failed to conduct a timely and proper investigation of her claims as clearly evidenced in the above timeline. She did not contact NTI until <u>over a year</u> after she learned about the warnings provided on NTI's website. She did nothing <u>for over a year and half</u> after receiving NTI's letter to pursue her investigation of Dr. De Long's records. When she learned of Dr. De Long's position that he had not received any warnings, it was not as a result of any "diligent investigation" on Plaintiff's part; she simply relied upon a statement by Dr. De Long's attorney. Even with the filing of the instant Complaint, Plaintiff has not obtained discovery, sworn testimony from a witness, or any other authoritative and admissible source of information regarding the underlying issue of the manufacturer's warnings accompanying Plaintiff's mouth guard.

Plaintiff's allegations do not meet the standard requiring that Plaintiff's fraud claim be pled with particularity. She provides no reasonable basis for concluding that fraud occurred or why she was unaware of NTI's alleged fraud. She fails to allege facts indicating fraud or from which fraud is necessarily implied. <u>Doe v. Archdiocese of Washington</u>, <u>supra</u>, 114 Md. App. at 187. Indeed, the March 3, 2006 letter attached hereto as Exhibit B, merely asserts what information and warnings should have been provided with the mouth guard to Dr. De Long and invites Plaintiff's counsel to reconcile this information with the documentation in Dr. De Long's chart. The letter makes no representation that Dr. De Long actually received the standard informational material from NTI. Her discovery of the alleged fraud is alleged as a mere happenstance when Dr. De Long's attorney decided to share his client's position on whether Dr. De Long received product warnings. Most

importantly, Plaintiff cannot supply a good faith basis for failing to have discovered the alleged fraud sooner; she simply ignored her obligation to conduct a thorough investigation of the matter. As such, Plaintiff's fraud claim does not toll the statute of limitations, and Counts I-IV should be properly dismissed.

V.     **PLAINTIFF FAILED TO STATE A CAUSE OF ACTION FOR FRAUD**

While the underlying allegation of fraud may not be relevant for determining whether the statute of limitations is tolled, it is relevant to dismiss Count V of Plaintiff's Complaint. The March 3, 2006 letter incorporated into Plaintiff's Complaint renders her fraud claim baseless.

An action for fraud requires that Plaintiff plead:

> (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

Maryland Environmental Trust v. Gaynor, 370 Md. 89, 803 A.2d 512 (2002). Gourdine v. Crews, 405 Md. 722, 955 A.2d 769 (2008)

Throughout her Complaint, Plaintiff makes reference to representations made in the March 3, 2006 letter by Defendant NTI's attorney addressing the warnings accompanying the mouth guard. Plaintiff claims the representations made in that letter are false. However, Plaintiff's Complaint omits reference to the last portion of the letter because it contradicts her claims.

On its face, the letter makes no specific representations regarding warnings actually provided to Plaintiff or her dentist. Instead, NTI's attorney provides that the company's general practice was to include the warnings regarding the known risk to changes in bite with the mouth guard device, along with a notice to the practitioner to obtain proper consent. Furthermore, <u>the last substantive paragraph of the letter specifically advises Plaintiff's counsel to conduct further</u>

11

investigation regarding the warnings supplied in Plaintiff's case. Thus any representations made within the letter are couched in the recommendation to investigate her claims. The letter, which was only selectively referenced in Plaintiff's Complaint, invalidates Plaintiff's allegations of fraud.

Furthermore, NTI's attorney sent the March 3, 2006 letter in response to Plaintiff's counsel's letter threatening legal action against NTI for alleged product defect claims. In responding, NTI's attorney was clearly representing what NTI's preliminary defenses were to the allegations. Contrary to Plaintiff's allegation that NTI knew or should have known that Plaintiff would reasonably rely on the representations of NTI's attorney, NTI had no such expectation. Rather, NTI was responding to a threatened lawsuit. Per the letter, it was up to Plaintiff and her lawyer to decide whether to accept or reject NTI's explanation in determining whether and what party(ies) to sue.

Moreover, Plaintiff suffered no "compensable injury" as a result of the alleged fraudulent representations. Maryland Environmental Trust v. Gaynor, supra, 370 Md. at 97. Per her Complaint, her injury occurred at least two years prior to the exchange of the correspondence at issue. At most, her alleged reliance on the statements made in the March 3, 2006 letter only influenced her decision on which defendant to sue, not the nature or extent of her alleged injury.

Plaintiff cannot justifiably rely upon a letter that clearly advises her to conduct a full investigation to identify the appropriate party against which she has a claim. No facts are alleged indicating that the March 3, 2006 letter was sent with NTI's intent to defraud Plaintiff or purposely provide false information; a letter which advises an adversary to conduct an investigation does not demonstrate intent to defraud. As such, the four corners of the letter do not support Plaintiff's fraud claim. Accordingly, Count V must be dismissed.

## VI. PLAINTIFF FAILED TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION

For the same reasons Plaintiff's fraud claim fails, so does her claim for negligent misrepresentation. Plaintiff cannot establish a claim for negligent misrepresentation based upon a letter, which on its face, limits the representations made therein by recommending that Plaintiff research Plaintiff's dentistry file.

In order to plead a cause of action for negligent misrepresentation, plaintiff must allege the following:

> (1) negligent assertion of a false statement by the defendant owing a duty of care to the plaintiff; (2) intention of the defendant for the plaintiff to act or rely upon the negligent assertion; (3) knowledge of the defendant that the plaintiff will probably rely upon the negligent assertion or statement which, if erroneous, will cause damage; (4) justifiable action by the plaintiff in reliance upon the statement or assertion; and (5) damages caused by the defendant's negligence

Martens Chevrolet, Inc. v. Seney, 292 Md. 328, 337, 439 A.2d 534 (1982).

Plaintiff cannot establish that a potential adversary owes a duty to provide information regarding the presence or absence of warnings accompanying her mouth guard. Even if she could, Plaintiff's claim fails because NTI cannot intend for Plaintiff to rely upon a letter which unambiguously directs Plaintiff's counsel to "review" Dr. De Long's medical chart and recommends that an investigation be conducted to determine where Plaintiff's cause of action "lies." See Exhibit B. As indicated above in Section V, given the circumstances of the March 3, 2006 letter, Defendant NTI simply could not have expected Plaintiff to rely on the statements within the letter where Plaintiff failed to conduct her own investigation for over one and half years. Lastly, as with the fraud claim, Plaintiff cannot justifiably rely upon the letter when she (1) failed to conduct a timely investigation, (2) failed to conduct a thorough investigation, and (3) accepted as

truth oral statements made by attorneys of potential adversaries, NTI and Dr. De Long, without any formal support by means of written discovery or formal statements made under oath.

Likewise, for the same reasons that Plaintiff is unable to prove damages flowing from the alleged fraudulent representations, she is unable to sustain that burden with respect to her claim of negligent misrepresentation. Martens Chevrolet, Inc. v. Seney, 292 Md., supra, at 337.

Facially, the March 2006 letter invalidates Plaintiff's claim of negligent misrepresentation. Plaintiff's reference to the letter cannot state a claim for relief based upon negligent misrepresentation. As such, Count VI of the Complaint must be dismissed.

## VII.  IF THE COURT DOES NOT DISMISS PLAINTIFF'S COMPLAINT, THEN, IN THE ALTERNATIVE, PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES IN COUNTS II AND V MUST BE DISMISSED

Plaintiff's claims for punitive damages are not supported by the Complaint. NTI's actions purportedly supporting Counts II and V of Plaintiff's Complaint are missing the element of intent, or actual malice, and thus do not meet the standard for awarding punitive relief.

In Maryland, punitive damages may only be awarded in cases where a plaintiff has established, by clear and convincing evidence, that the Defendant's alleged misconduct "was characterized by evil motive, intent to injure, ill will or fraud, i.e. 'actual malice.'" Owens-Illinois, Inc. v. Zenobia, 325 Md. 420, 460 n. 20, 601 A.2d 633 (1992). Actual malice must be pleaded and proven by clear and convincing evidence in order for Plaintiffs to recover punitive relief. See, Scott v. Jenkins, 345 Md. 21, 29 (1997). A finding of actual malice can be inferred from circumstantial evidence. "Malice, fraud, deceit and wrongful motive are oftenest inferred from acts and circumstantial evidence. They are seldom admitted and need not be proved by direct evidence." McClung-Logan Equipment Co. v. Thomas, 226 Md. 136, 148, 172 A.2d 494 (1961).

A.      **Plaintiff Is Not Entitled To Punitive Relief for Count II Alleging Willful and Wanton Misconduct.**

In order for actual malice to be found in a products liability case, regardless of whether the cause of action for compensatory damages is based on negligence or strict liability, the Plaintiff must prove (1) actual knowledge of the defect in the product on the part of the Defendant; and, (2) the Defendant's conscious or deliberate disregard of the foreseeable harm resulting from the defect. Zenobia, supra, 325 Md. at 462, 601 A.2d at 653. The Zenobia court stressed that "substantial knowledge" or "constructive knowledge" of a defect in a product and its ability to produce harm would not be sufficient for the award of punitive damages. Id. at 462, 601 A.2d at 633. "Actual knowledge" of the defect and its danger are required. Id.

Furthermore, the plaintiff is required to show that, with this actual knowledge, the defendant consciously or deliberately disregarded the potential harm to consumers. Id. at 463, 601 A.2d at 654. The Zenobia court emphatically states that negligence alone, no matter how gross, wanton, or outrageous, will not satisfy this standard. Id. Instead, the test requires a bad faith decision by the defendant to market a product, knowing of the defect and danger, in conscious or deliberate disregard of threat to the safety of the consumer. Id.

Here, Plaintiff has not sufficiently pled her product liability claim to seek punitive relief. Plaintiff's Complaint and the incorporated letter make clear that NTI's general practice was to include a warning to its customers (dentists) and to end-users regarding the potential for changes in bite caused by extensive use of the mouth guard. Plaintiff's Complaint not only acknowledges the company's practice of regularly providing warnings, but also that Plaintiff learned of the warnings issued by NTI by perusing the company's website. With those allegations pled in her Complaint, Plaintiff cannot establish the element of malice or intent to injure. As such, Plaintiff is not entitled to punitive relief for Count II.

**B.     Plaintiff Is Not Entitled To Punitive Relief For Count V Alleging Fraud.**

Plaintiff's fraud claim is invalid as expounded in detail above. Nevertheless, should the Court allow the fraud claim, Plaintiff is not entitled to punitive relief.

In Ellerin v. Fairfax Savings, F.S.B., 337 Md. 216, 652 A.2d 1117, (1995), the Court of Appeals noted that not all instances of fraud would support an award of punitive damages, because not all instances of fraud involve actual malice. The "actual malice" standard is met with "actual knowledge of falsity, coupled with intent to deceive another by means of that statement." Id. at 240. As such, Ellerin purports to uphold Zenobia where Defendant has (1) actual knowledge of falsity and (2) a malicious intent to deceive.

As thoroughly discussed above, the letter incorporated into Plaintiff's Complaint makes plain that NTI did not act with malice; there was no intent to deceive. On the contrary, in a good faith response to a potential adversary, defendant informed Plaintiff of its usual practice to insert warnings with its product and advised Plaintiff to conduct her own investigation. Because Plaintiff is unable to establish the element of malice or intent to deceive in light of the incorporation of the March 3, 2006 letter into her Complaint, she cannot seek punitive relief for her fraud claim.

## VIII.   CONCLUSION

For the reasons herein stated, the Court must dismiss Plaintiff's Complaint in its entirety. Counts I-IV are barred by the statute of limitations and Counts V and VI fail to state a proper claim for relief. In the alternative, if the Court does not dismiss Plaintiff's Complaint in its entirety, the claims for punitive damages in Counts II and V must be dismissed.

Respectfully submitted,

*/s/ Anthony J. Breschi*
Barry C. Goldstein
(Federal Bar No. 24796)
Anthony J. Breschi
(Federal Bar No. 04553)
Waranch & Brown, LLC
1301 York Road, Suite 300
Lutherville, MD 21093
(410) 821-3511
(410) 821-3501 (Fax)
**ATTORNEYS FOR DEFENDANT
NTI-TSS, Inc.**